MDR

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Michael Taylor, III,<br><br>Plaintiff,<br><br>v.<br><br>Monica Yvette Bradley-Green, et al.,<br><br>Defendants. | No.  CV 21-02223-PHX-MTL (MHB)<br><br>**ORDER** |

On December 29, 2021, Plaintiff Charles Michael Taylor, III, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis.  In a January 24, 2022 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing and administrative fees or file a complete Application to Proceed In Forma Paupers.

On January 31, 2021, Plaintiff paid the filing fee.  The Court will dismiss this action.

## I.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

## II.    Complaint

In his nine-count Complaint, Plaintiff seeks monetary damages from Defendants Nurse Practitioner Monica Yvette Bradley-Green, Marcus L. Griffin, and Goodyear Police

Officers B. Presslar, Jane Does 1-2, and John Does 1-6.  In each count, Plaintiff alleges a violation of his Fourth Amendment rights.

In **Count One**, Plaintiff contends that when he was released from the county jail on November 21, 2016, he tried to retrieve his two cellphones, which had been impounded by Defendant Presslar.  He claims Defendant Presslar would not return the cellphones or allow Plaintiff to access the "contact information" stored in the phones "to contact family and friends for assistance during [his] mental health crisis."

In **Count Two**, Plaintiff asserts that on November 21, 2016, he went to the Goodyear Police Department to retrieve his impounded personal property and to "get a civil standby to [his] former residence" to retrieve his personal property located there. Plaintiff contends Defendant Jane Doe spoke to Defendant Presslar and then told Plaintiff that Defendant Presslar "would not allow" the return of the cellphones or allow Plaintiff to access the phones.  Plaintiff notes that Defendant Bradley-Green's vehicle was parked in the police department parking lot at the time.

In **Count Three**, Plaintiff contends he had been served with a no-contact protection order and, therefore, needed an "escort/civil standby to retrieve [his] property."  He asserts that on November 21, 2016, Defendant Bradley-Green denied him "entry into a previously shared residence . . . directly and/or indirectly via telephonic communication with the occupants of the . . . property[,] her children."  He claims Defendant Bradley-Green's children were at the residence "during [Plaintiff's] first civil standby attempt" to retrieve his medications, identification, and other personal property.

In **Count Four**, Plaintiff alleges that on November 21, 2016, Defendants Jane and John Doe escorted him "on [his] first civil standby attempt" to his former residence and contacted the occupants of the residence.  He claims Defendants Jane and John Doe subsequently denied him entry into the residence to retrieve his medications, identification, clothing, and other personal property.

In **Count Five**, Plaintiff contends that on an unknown date in November 2016, he contacted the Goodyear Police Department for an escort to his former residence for a

second civil standby attempt to obtain his property at the residence.  He claims two of the John Doe Defendants contacted the occupants of the residence and subsequently denied Plaintiff entry into the residence.

In **Count Six**, Plaintiff asserts that on an unknown date in November 2016, he "attempted a third civil standby," was met in a parking lot near his former residence by two John Doe Defendants, and was told to wait in the parking lot while Defendant John Doe contacted the occupants of the residence.  Plaintiff claims that shortly thereafter, he was denied entry into the residence.

In **Count Seven**, Plaintiff contends that on an unknown date in November 2016, he contacted the Goodyear Police Department for an escort to his former residence for a fourth civil standby attempt and was met by Defendants Presslar and John Doe.  He alleges Defendant Presslar contacted the occupants of the property, Defendants Bradley-Green and Griffin.  Plaintiff claims Defendant Presslar conversed with Defendant Bradley-Green while Defendant Griffin left the residence with Plaintiff's iPad "concealed in a shirt." Defendant Griffin allegedly went to his vehicle, opened the door, and revealed that he had Plaintiff's iPad.  Plaintiff contends Defendant Presslar instructed Defendant Griffin not to taunt Plaintiff and to temporarily leave the residence.  Defendant Presslar then escorted Defendant Bradley-Green to her car, opened her car door, conversed with her briefly, and shut the car door so Defendant Bradley-Green could drive away.  Plaintiff alleges he was given 5-7 minutes to enter the residence to retrieve a small suitcase of clothing.  He contends he was verbally rushed by Defendant Presslar and was not given sufficient time to retrieve his medications, identification, and other personal property.

In **Count Eighth**, Plaintiff asserts that on an unknown date in November 2016, he contacted the Goodyear Police Department for an escort to his former residence for a fifth civil standby attempt.  He was met by two John Doe Defendants, who instructed him to wait while they attempted to contact the occupants of the residence.  Plaintiff alleges the officers returned and informed him that the residence had been vacated and emptied of its contents.  He claims Defendant Bradley-Green "deliberately impeded, obstructed and/or

denied" him access to the residence, intending to rob Plaintiff of his property, using "the law and law enforcement" to remove Plaintiff's property from the residence and to conceal the location of the property she and Defendant Griffin had removed.

In **Count Nine**, Plaintiff alleges that in June or July 2017, a Goodyear Police Officer called him and asked if Plaintiff or "other parties . . . on [Plaintiff's] behalf" had contacted Defendant Bradley-Green.  Plaintiff told the officer that he and others had contacted Defendant Bradley-Green to try to arrange for the return of Plaintiff's property.  He claims the officer told Plaintiff not to contact Defendant Bradley-Green directly or indirectly and to "go through the court system" if Plaintiff wanted to obtain any of his property that was in Defendant Bradley-Green's possession.  Plaintiff assert he was subsequently contacted by Defendant Bradley-Green, who threatened Plaintiff with "prosecution and a lengthy prison sentence if [he] didn't leave 'it' alone and move on."

**III.   Failure to State a Claim**

Failure to state a claim includes circumstances where a defense is "complete and obvious from the face of the pleadings."  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).  In the absence of waiver, the Court may raise the defense of statute of limitations sua sponte. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *see also Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) of prisoner's time-barred complaint).

The applicable statute of limitations in an action under 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  The Arizona statute of limitations for personal injury actions is two years.  *See* Ariz. Rev. Stat. § 12-542(1).

Accrual of § 1983 claims is governed by federal law.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action."  *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir.

1998).  Thus, for this civil rights action to be timely, Plaintiff's claim must have accrued no earlier than two years before his Complaint was filed.

Based on Plaintiff's allegations, Defendants actions took place in November 2016 and June or July 2017, more than four years before Plaintiff filed his Complaint, and his allegations do not implicate any basis for statutory or equitable tolling.  Thus, the Court will dismiss as untimely Plaintiff's claims.

**IT IS ORDERED:**

(1)	The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2)	The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)	The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 9th day of February, 2022.

Michael T. Liburdi
United States District Judge